IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SARAH ARCHBOLD,<br>    Plaintiff<br> v.<br><br>CRACKER BARREL OLD COUNTRY STORE, et., al.,<br>    Defendants | Civil Case No. 3:12-cv-02212-CCC |

**PLAINTIFF'S BRIEF IN RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

  Defendant's Motion to Dismiss argues for the instant action to be dismissed for lack of personal jurisdiction based upon failure to make proper service. While Plaintiff concedes improper service, she asserts there is good cause for a short extension to complete service. Defendant also raised the issue of statute of limitations.

**Regarding the Statute of Limitations**

  Plaintiff raises issues of statute of limitations because the Complaint was not docketed until after the statute of limitations had passed. It may be true that the Court did not docket the Complaint, but the Complaint was filed with an application to proceed without prepayment of the filing fee before the statute of limitation had passed. The filing fee was then paid by the Plaintiff and the Complaint was then docketed, but not until after the statute of limitations had passed. But prior to the statute of limitations, the action was commenced by the Plaintiff because the Clerk received the Complaint and application to proceed without prepayment of the fee before the statute of limitations had run.

**Regarding the Manner of Service**

Plaintiff does not contend that proper service was made under the rules. No proof of service was filed. No motion for default was ever contemplated. With the summons being issued only a few days before the 120-day deadlines, Plaintiff's attorney reasoned that unless the Defendant waived the requirements of Rule 4 and submitted voluntarily to the Court's jurisdiction, we would be arguing this or a similar motion along with our request to extend time for service.

**Regarding the content of the summons**

Defendant has raised the issue of a defective summons possibly constituting insufficient process as it fails to list all the Parties to the action. If Defendant is correct, jurisdiction might still be at issue even had there been timely service of the Summons and Complaint. Defendant, in citing the rules, notes that the summons does not list ALL the parties to the action.

This does seem a significant oversight. Plaintiff requests the Court to direct issuance of a new summons in compliance with Fed.R.Civ.P. 4 (a)(1) or otherwise rule whether the existing summons is sufficient or may be modified.

**Regarding good cause to extend time for service**

Pursuant to Fed.R.Civ.P. 4(m), Plaintiff requests an extension of time to make proper service for good cause shown.

There was an initial issue with regard to whether the suit could be maintained for lack of a filing fee.  An application to proceed in forma pauperis resulted in the Court extending for thirty (30) days the deadline to pay the $350 filing fee.  The fee was paid on or about December 18, 2012.

There was a near four-month delay in the issuance of a summons (which may or may not be defective on its face).  Speculating, Plaintiff's attorney can suggest either the delay in the payment of the filing fee and/or the switch over to the issuance of summons via the ECF system as possible reasons for the delay.  It should be noted that in the Middle District of Pennsylvania, the summons is issued by the Clerk of the Court, and not by the Plaintiff.  Plaintiff's attorney waited nearly four months for the Clerk to issue the summons.

Plaintiff's attorney acknowledges that she could have followed up with the Clerk regarding the summons and/or pursued a waiver of service.  Over the years, the issuance of the summons had served as a personal tickler to make arrangement for service; that combined with uncertainty regarding the filing fee likely put the case outside Plaintiff's attorney's normal case management routine.

Wherefore, Plaintiff requests Defendant's Motion to Dismiss be denied and the Court issue an Order extending time for service of a proper summons.  In the event that the Court does dismiss Plaintiff's Complaint, Plaintiff requests that no fees and costs be assed against Plaintiff because both Plaintiff and Plaintiff's Counsel have acted in good faith.

/s Vicki Piontek
_____
Vicki Piontek, Esq.
Attorney for Plaintiff

951 Allentown Rd.
Lansdale, PA  19446
P: 215-290-6444
F: 866-408-6735
E: vicki.piontek@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SARAH ARCHBOLD,
           Plaintiff

   v.

CRACKER BARREL OLD COUNTRY STORE, et., al.,
           Defendants

Civil Case No. 3:12-cv-02212-CCC

CERTIFICATE OF SERVICE

I certify that on the date of this filing, notice of this filing will be sent to Defendant via the ECF system.

                        /s Vicki Piontek
                        _____
                        Vicki Piontek, Esq.
                        Attorney for Plaintiff

                        951 Allentown Rd.
                        Lansdale, PA  19446
                        P: 215-290-6444
                        F: 866-408-6735
                        E: vicki.piontek@gmail.com