IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SARAH ARCHBOLD**, | : | CIVIL ACTION NO. 3:12-CV-2212 |
| Plaintiff | : | |
| v. | : | (Chief Judge Conner) |
| **CRACKER BARREL OLD COUNTRY STORE**, **INC.**, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

Presently before the court, in the above-captioned matter, is a motion (Doc. 10) to dismiss the complaint (Doc. 1), pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5), filed by Cracker Barrel Old Country Store, Inc., ("Cracker Barrel"). The parties have fully briefed the issues and the motion is ripe for disposition. For the reasons that follow, the court will grant Cracker Barrel's motion in its entirety.

## I. Factual and Procedural History

The matter *sub judice* arises out of the purchase of several gift certificates and/or prepaid gift cards by Sarah Archbold ("Archbold") from Cracker Barrel, CVS Pharmacy, Inc. ("CVS"), and other retail business entities whose identities are not yet known. Archbold contends that those gift certificates and/or prepaid gift cards contained deceptive expiration dates in violation of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*, as amended by the Credit Card Accountability, Responsibility, and Disclosure Act ("CARD Act") of 2009, 123 Stat.

1734. Archbold further seeks a declaration from the court that this matter may proceed as a class action pursuant to Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Archbold commenced this action on November 6, 2012, with the filing of a complaint. (Doc. 1). Counsel for Archbold twice moved for an extension of time in which to pay the court's filing fee, and on December 18, 2012, counsel tendered the filing fee of $350 and the Clerk of Court docketed receipt of the same. (Doc. 7). On March 1, 2013, a summons issued. (Doc. 8). In the portion of the summons tasking the plaintiff to identify each defendant by name and address, Archbold indicated "SEE COMPLAINT." (Id.). Although the complaint purports to name multiple defendants, only one summons issued. (See id.). Archbold concedes that the summons fails to identify all parties to this action as required by Federal Rule of Civil Procedure 4(a). (Doc. 13 at 2). Archbold also concedes that because no proof of service has yet been filed as required by Rule 4(*l*), service was not proper. (Id.).

Cracker Barrel now moves to dismiss the claims against it pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4) and 12(b)(5) for lack of personal jurisdiction, insufficient process, and insufficient service of process. Archbold has filed responsive papers conceding that the summons and service were deficient but contending that "good cause" exists to excuse these deficiencies. The motion has now been fully briefed (Docs. 11, 12, 13, 16) and is ripe for disposition.

**II. Standard of Review**

Rule 4 of the Federal Rules of Civil Procedure "sets forth the procedure by which a court obtains personal jurisdiction over the defendant." Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996). The Rule prescribes the process for properly issuing and serving a summons. FED. R. CIV. P. 4. Pursuant to Rule 4, a summons must, *inter alia*, name each individual plaintiff and defendant and "be directed to the defendant." FED. R. CIV. P. 4(a)(1)(A), (B). When a complaint names more than one defendant, a separate summons "must be issued for each defendant to be served." FED. R. CIV. P. 4(b). A defendant may move to dismiss the complaint or quash service when a plaintiff fails to comply with Rule 4's requirements for the form and method of serving process. FED. R. CIV. P. 12(b)(4), (b)(5).

In the case of motions challenging the sufficiency of process or method of service, the burden of proof lies with the party raising the challenge. See 2 MOORE'S FEDERAL PRACTICE § 12.33[1] (3d ed. 2013); see also Grand Ent. Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); Snyder v. Bender, No. 1:09-CV-927, 2010 U.S. Dist. LEXIS 130438 (M.D. Pa. Nov. 16, 2010). The movant must be specific in its objections and identify the specific manner in which the plaintiff has failed to satisfy the summons or service provision utilized. 2 MOORE'S § 12.33[1].

**III. Discussion**

Cracker Barrel contends, and Archbold does not dispute, that both the form of the summons issued and the method of service of that summons are imperfect pursuant to Federal Rule of Civil Procedure 4, (see Doc. 13 at 2 ("Plaintiff does not

3

contend that proper service was made under the rules.")), and thus the only issue to be resolved by the court is what consequence to assign to Archbold's abject failure to comply with the Rules.[1] Cracker Barrel posits dismissal is appropriate pursuant to both Rule 12(b)(2) for lack of personal jurisdiction and Rules 12(b)(4) and (b)(5), for defective process and service of process. Archbold, acknowledging dismissal as a possibility, suggests that the court instead "direct issuance of a new summons" in compliance with Rule 4 and extend the time for service of the summons pursuant to Rule 4(m). (Doc. 13 at 2-3). Ultimately, a review of the law governing the issuance and function of summonses, and in particular the relationship between Rule 4 and Rule 12(b)(2), compels the court to dismiss this action for lack of jurisdiction.[2]

It is axiomatic that absent strict compliance with Rule 4's summons and service requirements, "a court ordinarily may not exercise power over a party the complaint names as a defendant." Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999) (quoting Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a

---

[1] Rule 4(a)(1) mandates, *inter alia*, that a summons identify "the court and the parties" and "be directed to the defendant." FED. R. CIV. P. 4(a)(1)(A)-(B). Here, the summons (Doc. 8) does not identify the defendants individually as required by Rule 4(a)(1)(A) and was not directed to Cracker Barrel as required by Rule 4(a)(1)(B). It further was not issued to "each defendant to be served" as mandated by Rule 4(b). Accordingly, the court's review of the record confirms that Archbold's concessions are appropriate.

[2] Because the court concludes that dismissal is overwhelming supported by Rule 12(b)(2) and Third Circuit precedent interpreting the same, the court will not address the parties' arguments with respect to Rules 12(b)(4) and (b)(5).

4

defendant, the procedural requirement of service of summons must be satisfied."); Miss. Pub. Corp. v. Murphree, 327 U.S. 438, 444-45 (1946) ("Service of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served.")). To that end, the Third Circuit has observed that "failure of a plaintiff to obtain valid process from the court" deprives a court of personal jurisdiction over the defendant and "is fatal to the plaintiff's case." Ayres, 99 F.3d at 569 (dismissing case when summons was not signed and sealed by the clerk as required by Rule 4(a)(1)(F) and (G)). Specifically, the panel in Ayres held that when a summons is *prima facie* defective and violative of Rule 4, "such suit should be dismissed under Federal Rule of Civil Procedure 12(b)(2)." Id. The Circuit further held that even a properly issued summons is nonetheless ineffective for purposes of conferring personal jurisdiction if it has not been served in compliance with Rule 4's service of process provisions. Id. at 570.

Archbold's counsel does not dispute that both the summons itself and service thereof fall well short of complying with Rule 4. (Doc. 13 at 1-2). Counsel concedes that failure to identify all parties in the summons as required by Rule 4(a)(1) "does seem a significant oversight" which "possibly" renders the summons defective, that service was not proper under Rule 4, and that "no proof of service was filed" as required, thus establishing an unabashed violation of Rule 4's requirements for both the form of a summons and for service of process. (Id.). Indeed, counsel goes so far as to admit that she "reasoned that . . . [the parties] would be arguing this or a similar motion" before it was even filed, indicating, as Cracker Barrel suggests, that

5

counsel was aware that the summons and service thereof were imperfect but simply disregarded those deficiencies.[3] (Id. at 2). Rather than contesting the fact of the Rules violation, Archbold's counsel simply posits that Rule 4(m), which governs timing for service, compels the court to grant counsel an extension of time in which to perfect service because any omissions on her part were made in good faith. (Id. at 3 (quoting FED. R. CIV. P. 4(m)). Counsel's reliance on Rule 4(m) is misplaced.

In addressing a similar argument in Ayres, the Circuit panel concluded that Rule 4(m)'s provisions for extensions of time for service are immaterial when the summons itself is preliminarily found to be defective, explaining that "under such circumstances, it becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under Rule 4(m)." Id. Thus, while such an analysis is appropriate in concluding whether plaintiffs had good cause for their failure to make service of a *proper* summons within the time allotted under the Rules, a good cause analysis "serves no purpose here," where the summons itself is defective and divests the court of personal jurisdiction from the outset. Id. at 569-70. The court thus rejects Archbold's position that Rule 4(m) applies and permits

---

[3] Counsel for Archbold emphasizes that it was the clerk of court and not counsel who issued and filed the defective summons, inferring that counsel should not be held responsible for errors that were not entirely her own. The Ayres panel expressly rejected this position, noting that the burden for correcting a defective summons, whether drafted by counsel or by the court, remains at all times with counsel. See Ayres, 99 F.3d at 569 n.3 (rejecting position that clerk should not have filed improper proofs of service based on invalid summons).

6

counsel to cure a defective summons.[4] Because the record indisputably establishes that both the summons and method of service at issue *sub judice* entirely fail to comply with Federal Rule of Civil Procedure 4, the court is constrained to dismiss Archbold's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[5]

**IV.** **Conclusion**

For the foregoing reasons, the court will grant Cracker Barrel's motion (Doc. 10) to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). An appropriate order follows.

    /S/ CHRISTOPHER C. CONNER
CHRISTOPHER C. CONNER
Chief Judge, Middle District of Pennsylvania

Dated: September 17, 2013

---

[4] The court is compelled to note, notwithstanding Rule 4(m)'s inapplicability, that counsel's characterization of her efforts as having been made in "good faith" is, at best, an overstatement; indeed, that characterization is entirely belied by the record which, in addition to containing a defective summons, is littered with untimely and procedurally inappropriate filings, (see Doc. 5 (motion for extension of time to pay filing fee filed two days after fee was due); Doc. 11 (premature responsive papers not contemplated by Local Rules for motion practice), Doc. 13 (untimely brief in opposition to Cracker Barrel's motion to dismiss)), unequivocally establishing counsel's disregard for the Federal Rules of Civil Procedure.

[5] Only Cracker Barrel has filed a motion to dismiss, but the court's holding is dispositive to Archbold's complaint as a whole, compelling dismissal of this action in its entirety. Specifically, the record reveals that no summons naming CVS or any other party as a defendant has ever issued, and the court is thus without personal jurisdiction over CVS or any other defendant. Pursuant to Ayres, the court is thus compelled to dismiss the complaint as to all defendants pursuant to Rule 12(b)(2).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SARAH ARCHBOLD**, | CIVIL ACTION NO. 3:12-CV-2212 |
| Plaintiff | |
| v. | (Chief Judge Conner) |
| **CRACKER BARREL OLD COUNTRY STORE, INC.**, *et al.*, | |
| Defendants. | |

## **ORDER**

AND NOW, this 17th day of September, 2013, upon consideration of the motion to dismiss (Doc. 10) by Cracker Barrel Old Country Store, Inc., ("Cracker Barrel"), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that Cracker Barrel's motion to dismiss (Doc. 11) is GRANTED, and plaintiff's complaint is DISMISSED without prejudice. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
CHRISTOPHER C. CONNER
Chief Judge, Middle District of Pennsylvania